Richard K. Grosboll, State Bar No. 099729
Lois H. Chang, State Bar No. 278146
NEYHART, ANDERSON, FLYNN & GROSBOLL
369 Pine Street, Suite 800
San Francisco, CA  94104-3323
Tel.     (415) 677-9440
Fax     (415) 677-9445
Email: rgrosboll@neyhartlaw.com
          lchang@neyhartlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco)

| | |
|---|---|
| BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, PACIFIC COAST ROOFERS PENSION PLAN, EAST BAY/NORTH BAY ROOFERS VACATION TRUST FUND, BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND, BAY AREA COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND; DOUG ZIEGLER, as Trustee of the above,<br><br>Plaintiffs,<br>v.<br><br>FOLEY WATERPROOFING CORP., a California corporation;<br><br>Defendant. | Case No.  _____<br><br>**COMPLAINT  (ERISA)** |

Plaintiffs allege as follows:

### I.       INTRODUCTION

1.      This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq*.  This action also arises under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as a result of a breach of a collective bargaining agreement.

2. Defendant FOLEY WATERPROOFING CORP. has unlawfully failed to submit to an audit of its books and records, and has also failed to submit fringe benefit contributions (including liquidated damages and interest) as required by its collective bargaining agreement and various trust agreement(s).

## II.    JURISDICTION AND VENUE

3. Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that the ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4. Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a collective bargaining agreement between the employer and a labor organization.

5. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

6. Venue is appropriate in this District since Defendant conducts business in this District and the breaches of contract took place in this District.  See, 29 U.S.C. § 1132(e)(2).

## III.    PARTIES

7. Plaintiffs BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND ("Health and Welfare Trust"), PACIFIC COAST ROOFERS PENSION PLAN ("Pension Trust"), EAST BAY/NORTH BAY ROOFERS VACATION TRUST

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

FUND ("Vacation Fund"), BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND ("Promotion Fund"), and BAY AREA COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND ("Apprenticeship Trust") will be collectively referred to as the "Plaintiffs" or "Trust Funds." Each of the Trust Funds, except the Promotion Fund, are multi-employer employee benefit plans pursuant to ERISA, 29 U.S.C. § 1002(3), (37) and 29 U.S.C. § 1132(d)(1) and each is a jointly trusted employee benefit plan pursuant to the LMRA, 29 U.S.C. § 186(c)(5). Employers make contributions to the Trust Funds pursuant to the terms of their collective bargaining agreement with LOCAL 81 of the UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, AFL-CIO ("Local 81" or "the Union") and the Associated Roofing Contractors of the Bay Area Counties, Inc. ("Employer association"). The Health and Welfare Trust is the authorized representative and collection agent for all of the Trust Funds and related entities.

8.  Plaintiff DOUG ZIEGLER is a Trustee and Fiduciary of each Trust Funds and the Business Manager of Local 81. As such, Mr. Ziegler is a fiduciary of the Trusts within the meaning of ERISA § 402, 29 U.S.C. § 1102. As Trustee, Mr. Ziegler has the duty, jointly exercised with the other Trustees of those funds, to administer the trusts for the exclusive benefit of the covered employees in accordance with the applicable law, the terms of each of the Trusts' written Trust Agreements and the collective bargaining agreement. The fiduciary duty includes the collection of unpaid employer contributions and related losses.

9.  Plaintiffs are informed and believe, and upon that ground allege, that at all times material herein, Defendant FOLEY WATERPROOFING CORP. (hereinafter "FOLEY WATERPROOFING") is a California corporation believed to have the corporation number C3473197 and holds a California contractor's license number 976368. Plaintiffs are further

informed and believe, that FOLEY WATERPROOFING resides and engages in the roofing, waterproofing and/or contracting business in Marin County, California, and surrounding areas.

10. At all times material herein, Defendant FOLEY WATERPROOFING is an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§1002(5), 1145), and is an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. §185).

### IV. FACTUAL ALLEGATIONS

11. Plaintiffs incorporate by reference and re-allege paragraphs 1-10 as if set out in full.

12. At all times material herein, there have been in full force and effect collective bargaining agreements covering the wages, hours and conditions of employment of certain employees of FOLEY WATERPROOFING. Defendant FOLEY WATERPROOFING is signatory and bound to said collective bargaining agreement and it has been in force during all relevant times herein.

13. Defendant FOLEY WATERPROOFING agreed to be bound to the terms of the most recent collective bargaining agreement with the Union. Attached hereto as **"Exhibit A"** is a true and correct copy of a Letter of Assent signed by Matthew Foley, on behalf of FOLEY WATERPROOFING which binds FOLEY WATERPROOFING to the current Working Agreement between Local 81 and the Associated Roofing Contractors of the Bay Area Counties, Inc. (hereinafter referred to as the "CBA"). Attached hereto as **"Exhibit B"** is a true and correct copy of the current CBA. The CBA requires FOLEY WATERPROOFING to make timely monthly contributions to the Trust Funds for fringe benefits for its covered employees and to submit to requested payroll audits for verification of accurate employer contributions to employee benefit plans administered by Plaintiffs.

14. Under the terms of the applicable CBA and/or Trust agreement(s), payments received later than the last day of the month following the month in which the hours were worked are delinquent and liquidated damages shall be assessed on all delinquent contributions to the Trust Funds along with interest.

15. The CBA further provides that if legal action must be taken to recover amounts due the Trust Funds, FOLEY WATERPROOFING will pay the actual and reasonable attorney's fees incurred by the Funds, as well as all related collection costs. FOLEY WATERPROOFING is likewise required to pay such fees and costs pursuant to 29 U.S.C. Section 1132.

16. The respective CBA also requires FOLEY WATERPROOFING to be bound by the applicable Trust agreement(s). Attached hereto as "**Exhibit C**" is a true and correct copy of the Trust Agreement for the Health and Welfare Trust (hereinafter referred to as 'Trust Agreement"). The Trust Agreement also binds FOLEY WATERPROOFING to any rules and regulations relating to the Employer's obligations to make timely contributions to the Trust adopted by the Board of Trustees of the Health and Welfare Trust.

17. Attached hereto as **"Exhibit D"** is a true and correct copy of the Bay Area Roofers Trust Funds Collection Policies and Procedures (hereinafter referred to as "Collection Policies"). Under Plaintiffs' Collection Policies, contributions which are received after delinquent contributions referred to an attorney for collection, will be assessed liquidated damages of 20% of the delinquent contributions, with a minimum of $100.00 and no maximum.

18. Defendant FOLEY WATERPROOFING has failed to submit its employer contribution report including principal amount owed for the months of May 2016 and June 2016. Also, according to the CBA and Collection Policies, liquidated damages and interest are now also owing for May and June 2016 delinquent contributions.

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

COMPLAINT (ERISA)
- 4 -

19. Defendant FOLEY WATERPROOFING has also failed to submit to an audit of its payroll records in accordance with the applicable CBA and/or Trust agreement(s). As a result, it is believed that Defendant FOLEY WATERPROOFING has underpaid or failed to pay required contributions to the Plans during the relevant period.

20. Defendant FOLEY WATERPROOFING's obligation, pursuant to the CBA, as set forth above, is a continuing obligation. On information and belief, Defendants are continuing to breach said agreement by failure to pay monies due thereunder to Plaintiffs. The additional sums still due and owing, because of such breach, are presently unknown, but will be determined hereafter. In order to recover additional sums in this action, Plaintiffs request that they be allowed, at or before, the time of judgment to set forth said additional sums which may be due when said sums are determined.

21. Plaintiffs' actual attorneys' fees and costs will not be known until after this matter is concluded.

### V.   FIRST CAUSE OF ACTION
*Request for Injunctive Relief (Audit Order)*

22. Plaintiffs incorporate by reference and re-allege paragraphs 1-21 as if set out in full.

23. <u>Jurisdiction</u>. Jurisdiction exists pursuant to ERISA, 29 U.S.C. §§ 1132(a)(3), as this is a request to enforce various employee benefit plans and a CBA.

24. Pursuant to the CBA and applicable Trust agreement(s), which Defendant FOLEY WATERPROOFING agreed to be bound by, Plaintiffs are authorized to conduct an audit of the payroll books and records of employers when they deem it necessary and appropriate. Furthermore, FOLEY WATERPROOFING is required to maintain, and provide to Plaintiffs upon request, those documents and all other information relevant to the administration of the Trust Funds.

25.     Plaintiffs, through their agents, have made repeated requests for an audit of the time period October 1, 2013 through March 31, 2016. Despite demand by Plaintiffs and its agents to allow its auditor to inspect the books and records of Defendant, Defendant failed to allow Plaintiffs' auditor access to its books and records to determine the amount of Trust Fund contributions due and owing in accordance with the provisions of the CBA and/or the applicable trust agreement(s).

26.     Plaintiffs therefore seek an injunctive order from this Court, requiring an audit of the time period **October 1, 2013 through March 31, 2016**, and an order requiring all unpaid or underpaid contributions, liquidated damages, and pre-judgment interest revealed to be due and owing as a result of any such audit.

27.     Plaintiffs are unaware, at this time, of the full amount due and owing. Such information will not be known until the completion of the payroll audit of Defendant FOLEY WATERPROOFING. Accordingly, Plaintiffs request before the time of judgment to set forth said additional sums which may be due when said sums are uncovered and known. Furthermore, Plaintiffs' actual attorneys' fees and costs will not be known until after this matter is concluded.

28.     By reason of the aforementioned conduct of Defendant FOLEY WATERPROOFING, the Trust Funds have suffered, and will continue to suffer, harm and actual and impending irreparable loss in that monies will not be available to provide contractual benefits to participants and beneficiaries of the Funds; the Funds will suffer excessive administrative and legal costs in continuing attempts to collect monies not submitted on a timely basis; the Funds will not have the benefit of investment incomes on monies due to the Funds from these defendants; and individual participants in the Fund will not receive their contractual benefits, including pension, vacation, apprenticeship, and health care benefits.

## VI. SECOND CAUSE OF ACTION
### *Delinquent Contributions under ERISA– 29 U.S.C. § 1145*

29. Plaintiffs incorporate by reference and re-allege paragraphs 1-28 as if set out in full.

30. <u>Jurisdiction</u>. This is an action to require an employer to submit to a payroll audit and to collect unpaid contributions found owing pursuant to the terms of each plan, Trust agreement(s) and the collective bargaining agreement(s). Jurisdiction exists pursuant to ERISA, 29 U.S.C. §§ 1132(a),(e) and (g), as well as 29 U.S.C. § 1145.

31. Defendant's actions constitute a failure of an employer to submit monthly transmittals and make contributions to Trusts, as well as a breach of fiduciary duty owed pursuant to 29 U.S.C. § 1145.

32. Plaintiffs are entitled to judgment for all unpaid contributions, liquidated damages, pre-judgment interest and reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g)(2).

33. In addition to failing to submit to an audit for the period of October 1, 2013 through March 31, 2016 as required by the CBA, Defendant FOLEY WATERPROOFING has also failed to submit its employer contribution report including principal amount and liquidated damages owed for the months of May and June 2016.

34. Plaintiffs are unaware, at this time, of the full amount due and owing. Such information will not be known until the completion of the payroll audit of the Defendant FOLEY WATERPROOFING and after Defendant submits its missing employer contribution report for May 2016. Accordingly, Plaintiffs request before the time of judgment to set forth said additional sums which may be due when said sums are uncovered and known. Furthermore, Plaintiffs' actual attorneys' fees and costs will not be known until after this matter is concluded.

## VII. THIRD CAUSE OF ACTION
### *Breach of Collective Bargaining Agreement*
### *(LMRA - 29 U.S.C. § 185, et seq.)*

35. Plaintiffs incorporate by reference and re-allege paragraphs 1-34 as if set out in full.

36. <u>Jurisdiction</u>.  This is an action to enforce a CBA pursuant to 29 U.S.C. § 185(a).

37. Defendant FOLEY WATERPROOFING's failure to pay contributions breached the CBA between the Defendant's and the Union to the detriment of the Plaintiffs.  As a result, Plaintiffs are entitled to damages, liquidated damages, interest, reasonable attorneys' fees and costs pursuant to the agreement.  As such, Plaintiffs are the intended third-party beneficiaries to the CBA and are entitled to pursue that claim as third-party beneficiaries. *Schneider Moving & Storage Co. v. Robbins, et al.* (1984) 466 U.S. 364, 80 L.Ed.2d 366, 104 S.Ct. 1844 and *U.A. Local 342 Apprenticeship and Training Trust v. Babcock & Wilcox* (9th Cir. 2005) 396 F.3d 1056.

38. Defendant's obligations pursuant to the CBA as set forth above is a continuing obligation, Defendant's may be continuing to breach the CBA by their failure to pay monies due to Plaintiffs.

39. Plaintiffs are unaware, at this time, of the full amount due and owing.  Such information will not be known until the completion of the payroll audit of the Defendant FOLEY WATERPROOFING and after Defendant submits its missing employer contribution report for May 2016. Accordingly, Plaintiffs request before the time of judgment to set forth said additional sums which may be due when said sums are uncovered and known. Furthermore, Plaintiffs' actual attorneys' fees and costs will not be known until after this matter is concluded.

## VIII. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS PRAY THIS COURT:

1. <u>For an Order Compelling Audit</u> under which Defendant shall be directed by the Court, within a specified time, to:

COMPLAINT (ERISA)

- 8-

    A. Grant Plaintiffs' auditors access to all of Defendant's payroll and other business records required for successful completion of an audit of the period October 1, 2013 through March 31, 2016;

    B. Mandating Defendant's cooperation with same, pursuant to the terms of the applicable CBA and/or Trust agreement(s); and

    C. Award Plaintiffs prejudgment interest on the late employer contributions at the legal rate, according to contract and/or statute;

2. For Judgment against the Defendant for:

    A. Unpaid contributions, liquidated damages and interest owed for the months of May 2016 and June 2016, in addition to any amounts discovered owing and further amounts according to proof;

    B. Any unpaid principal owed for the time period covered by the audit, according to proof;

    C. Liquidated damages and pre-judgment interest associated with Defendant's delinquencies resulting from late and/or non-reporting for the time period covered by the audit, according to proof;

    D. Attorneys' fees in an amount to be submitted to the Court at the time of entry of judgment, plus costs in this action;

    E. Any and all litigation costs, including the time of experts, accountants, or others in accordance with proof; and

    F. Such other and further equitable relief as this Court deems just and proper.

Dated: August 4, 2016

Respectfully submitted,

**NEYHART, ANDERSON, FLYNN & GROSBOLL**

By: _____/s/_____
      Lois H. Chang
      Attorneys for Plaintiffs