IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, PACIFIC COAST ROOFERS PENSION PLAN, EAST BAY/NORTH BAY ROOFERS VACATION TRUST FUND, BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND, BAY AREA COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND; DOUG ZIEGLER, as Trustee of the above,<br><br>   Plaintiffs,<br><br>   v.<br><br>FOLEY WATERPROOFING CORP.,<br><br>   Defendant. | No. C 16-04402 WHA<br><br>**ORDER GRANTING DEFAULT JUDGMENT** |

## INTRODUCTION

In this ERISA collection action, plaintiffs move for default judgment against defendant of approximately $9,185.92. Default judgment is **GRANTED**.

## STATEMENT

Plaintiffs are multi-employer, employee benefit plans. Defendant is a California corporation and an employer. Plaintiffs filed this action on August 4, 2016, alleging that defendant violated a collective bargaining agreement and certain trust agreements that required defendant to make regular contributions to the Bay Area Roofers Health & Welfare Trust Fund, Pacific Coast Roofers Pension Plan, East Bay/North Bay Roofers Vacation Trust Fund, Bay

Area Counties Roofers Industry Promotion Fund, and Bay Area Counties Roofing Industry Apprenticeship Training Fund. Plaintiffs also claim attorney's fees and costs incurred in bringing this action, as provided under ERISA. 29 U.S.C. 1332(g).

Service was effected on August 9, 2016 (Dkt. No. 11). When defendant failed to file an answer, the Clerk entered default on September 12, 2016 (Dkt. No. 15). Plaintiffs now seek default judgment against defendant.

## ANALYSIS

Federal Rule 55(b)(2) permits a court, following an entry of default, to enter default judgment against a defendant. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

District courts must consider several factors when exercising discretion to award default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions in the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Here, denial of default would prejudice plaintiffs in that they would be required to expend additional time and effort where no answer has ever been filed. Plaintiffs' complaint has merit, is unopposed, and was filed with sufficient factual detail. Moreover, the amount of money at stake is not so great as to justify a denial of default judgment. There is little, if any, possibility of a dispute concerning material facts, given that no answer was ever filed in this action. There is no evidence that excusable neglect led to the default; in fact, plaintiffs have provided adequate notice of this action. Finally, while it is preferable to decide a case on its merits, reaching a decision here will be impracticable as no other party has appeared to oppose this forfeiture.

## CONCLUSION

Judgment will be entered in favor of plaintiffs and against defendant in the amount of $9,185.92. This amount includes $830.93 in unpaid fringe benefit contributions and audit costs,

$4,323,16 in liquidated damages and $183.23 in interest owed for the untimely payment of May and June 2016 contributions, and $3,848.60 for attorney's fees.

**IT IS SO ORDERED.**

Dated: February 2, 2017.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE